SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 2 8 2026
BY ARTHUR JOHNSTON DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v. CRIMINAL NO. 3:26cr83-DPJ-LGI

LEIGH JAMES BRIDGES

18 U.S.C. § 657
18 U.S.C. § 1006
26 U.S.C. § 7206(1)

**The United States Attorney charges:**

At all times relevant to this Information:

**INTRODUCTION**

1. Defendant **LEIGH JAMES BRIDGES ("BRIDGES")** resides in or near Hinds County, within the Northern Division of the Southern District of Mississippi.

2. Jackson Area Federal Credit Union ("JAFCU") is a federal credit union headquartered in Jackson, Mississippi, the accounts and deposits of which are insured by the National Credit Union Administration ("NCUA").

3. The NCUA is an independent federal agency that operates under the Federal Credit Union Act, 12 U.S.C. § 1751, *et seq.,* and is responsible for chartering and regulating federal credit unions and federally insured state-chartered credit unions. The NCUA manages the National Credit Union Share Insurance Fund.

4. The National Credit Union Administration Board ("NCUAB") manages the NCUA. On May 6, 2026, the NCUAB appointed itself as conservator of JAFCU.

5. Corporate America Credit Union ("CACU") is a financial institution that services member credit unions including JAFCU. CACU provided JAFCU with corporate monthly statements, took deposits, processed Automated Clearing House ("ACH") transactions, and processed domestic and international wire transactions, among other services.

**EMBEZZLEMENT AND CONCEALMENT SCHEME**

6. JAFCU employed **BRIDGES** from approximately 1992 to April 2026. **BRIDGES** held positions in account and financial management, served as Chief Financial Officer, and became President and Chief Executive Officer in 2021. Using her management and executive officer positions at JAFCU, **BRIDGES** accessed member and general ledger accounts and other core banking systems to carry out her scheme to defraud.

7. Beginning at least by 2011, and continuing through the date of this Information, defendant **BRIDGES,** with the intent to injure and defraud JAFCU**,** willfully devised and executed a long-term embezzlement scheme and cover-up operation to embezzle tens of millions of dollars in funds that belonged to JAFCU. **BRIDGES** transferred funds from JAFCU corporate accounts to her personal accounts and to other accounts over which she had access and control. **BRIDGES** then used these funds to purchase lavish luxury items, to purchase real estate, and to fund international and domestic travel for herself, friends, and family members.

8. To implement the scheme to defraud JAFCU, **BRIDGES** posted fake deposit entries in JAFCU member accounts. To further the scheme, **BRIDGES** fabricated descriptions of these deposits by identifying them as electronic funds transfers ("EFT") from external sources such as Acorns Investing, JP Morgan Chase Bank, Raymond James Financial, and others, to make it appear as though her fictitious deposit transactions were legitimate when they were not. **BRIDGES** also created debit transactions in JAFCU general ledger accounts which enabled her to pull JAFCU funds into accounts under her control. **BRIDGES** primarily posted these fraudulent transactions under an administrative system code, "JAF", instead of using her assigned teller login identifier "M16".

9. To conceal her embezzlement scheme, **BRIDGES** altered CACU corporate statements to make it appear as though JAFCU had tens of millions of dollars more than it actually did. One of the ways **BRIDGES** accomplished this was by adding ACH credit receiver amounts that did not exist. For example, **BRIDGES** fraudulently inflated ACH credit receiver amounts by almost $90,000,000 for the July 2025 corporate statement as follows:

| | Posted Date | Description | Original Transaction Amount | Altered Transaction Amount |
|---|---|---|---|---|
| 1 | 8/1/25 | ACH CR Advice Receiver | 823,185.91 | |
| 2 | 8/1/25 | Efunds Corp DLY Settle | 5,698.20 | |
| 3 | 8/1/25 | Efunds Corp DLY Settle | 9,803.05 | |
| 4 | 8/1/25 | Pershing Brokerage | 201.37 | |
| 5 | 8/1/25 | ACH CR Advice Receiver | 15,459.00 | 14,015,459.00 |
| 6 | 8/1/25 | Efunds Corp Fee Settle | (4,214.04) | |
| 7 | 8/1/25 | Efunds Corp Fee Settle | 5,341.45 | |
| 8 | 8/1/25 | ACH CR Advice Receiver | 8,249.96 | |
| 9 | 8/1/25 | ACH CR Advice Receiver | 2,107,873.52 | 32,007,873.52 |
| 10 | 8/1/25 | ACH CR Advice Receiver | 1,671.67 | |
| 11 | 8/1/25 | ACH CR Advice Receiver | 466,791.21 | 46,466,791.21 |
| | 8/1/25 | **TOTAL** | **3,440,061,30** | **93,340,061.30** |

10. To further conceal her embezzlement, **BRIDGES** posted false journal entries, including entries of false income, to artificially inflate JAFCU's cash balance and to make JAFCU appear financially sound when it was not. **BRIDGES** posted these transactions under her teller login identifier "M16" or administrative code "JAF".

11. In furtherance of the concealment scheme, beginning in or around 2023, defendant **BRIDGES** obtained additional funds on behalf of JAFCU from other outside sources to cover shortfalls from her theft and to make JAFCU appear financially sound and financially solvent when it was not.

**COUNT 1**
**(Theft of funds from federal credit union, 18 U.S.C. § 657)**

12. Paragraphs 1-11 are hereby realleged and incorporated as if restated herein.

13. At least as early as 2011 and continuing through the date of this Information, in the Southern District of Mississippi, Northern Division, and elsewhere, the defendant, **LEIGH JAMES BRIDGES**, being an employee and officer of JAFCU, with intent to injure and defraud JAFCU willfully misapplied, embezzled, abstracted, and purloined tens of millions of dollars of funds, monies, and credits belonging to JAFCU, a credit union whose accounts were then insured by the NCUA, that is, defendant **BRIDGES** did unlawfully take tens of millions of dollars in JAFCU general ledger funds for her personal use and benefit, and for the benefit of others, and concealed the theft of these funds by altering financial records, all in violation of Title 18, United States Code, Section 657.

**COUNT 2**
**(False statements to federal credit union, 18 U.S.C. § 1006)**

14. Paragraphs 1- 13 are hereby realleged and incorporated as if restated herein.

15. At least as early as 2011, and continuing through the date of this Information, in the Southern District of Mississippi, Northern Division, and elsewhere, the defendant, **LEIGH JAMES BRIDGES**, being an employee and officer of JAFCU, a credit union whose accounts were then insured by the NCUA, with intent to defraud JAFCU and to deceive officers, auditors, examiners, and agents of JAFCU and of the NCUA, knowingly made false entries in reports, corporate bank statements, journal entries and general ledger accounts to conceal funds **BRIDGES** embezzled from JAFCU and to conceal the financial condition of JAFCU. In furtherance of this scheme, **BRIDGES** altered a CACU bank statement dated July 1-31, 2025, to falsely reflect almost $90,000,000 in ACH credit receiver transactions when in truth and in fact,

as the defendant well knew that these ACH credit receiver transactions were significantly less, all in violation of Title 18, United States Code, Section 1006.

**COUNT 3**
**(Filing false tax returns, 26 U.S.C. § 7206(1)**

16. Paragraphs 1-15 are hereby realleged and incorporated as if restated herein.

17. On or about April 14, 2025, in the Southern District of Mississippi, Northern Division, and elsewhere, the defendant, **LEIGH JAMES BRIDGES**, willfully made, subscribed, and filed with the IRS a false Form 1040 United States Individual Income Tax Return for tax year 2024, which was verified by a written declaration that it was made under the penalties of perjury and which **BRIDGES** did not believe to be true and correct as to every material matter. That Form 1040 reported total income in the amount of $359,633.00, when in fact **BRIDGES** knew that her total income for tax year 2024 substantially exceeded that amount, all in violation of Title 26, United States Code, Section 7206(1).

**NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Information, the defendant **LEIGH JAMES BRIDGES** shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all property used to facilitate the offenses.

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of

forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 982(a)(2)(A).

J.E. BAXTER KRUGER
United States Attorney