IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v. CRIMINAL NO. 3:26-cr-83-DPJ-LGI

LEIGH JAMES BRIDGES

# PRELIMINARY ORDER OF FORFEITURE

Before this Court is the United States of America's *Amended Motion for Preliminary Order of Forfeiture* [17], filed on November 4, 2026, after the Defendant, **LEIGH JAMES BRIDGES,** pleaded guilty on September 28, 2026, to the Information [1] filed in the above-styled cause. Having reviewed the United States' Motion, the Court finds that it is well taken and should be GRANTED.

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea in her Plea Agreement [9] and Plea Supplement to Counts 1 and 2 of the Information, for which the United States sought forfeiture pursuant to 18 U.S.C. § 982(a)(2), the Defendant, **LEIGH JAMES BRIDGES**, (the "Defendant"), shall forfeit to the United States all property involved in or traceable to property involved in the offenses.

2. Based on the evidence set forth during the plea colloquy, specifically that the Defendant committed theft of funds from a federal credit union in violation of 18 U.S.C. § 657, and false statements to a federal credit union in violation of 18 U.S.C. § 1006, and based on the allegations included in the United States' *Amended Motion for Preliminary Order of Forfeiture* [17], the Court finds that forfeiture to the United States in the form of a money judgment is appropriate, that the following (the "**Money Judgment**"):

| ASSET ID | ASSET DESCRIPTION |
|---|---|
| TBD | A Money Judgment in the amount of $69,587,762.00, representing the amount of proceeds obtained by the Defendant, directly or indirectly, from the offenses. |

is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2), and Rule 32.2 of the Federal Rules of Criminal Procedure, that the Defendant has an interest in such property, and that the United States has established the requisite nexus between such property and such offenses. Therefore, the Court finds that the **Money Judgment** shall be forfeited to the United States. All monies realized by the United States as a result of the forfeiture of the **Money Judgment**, minus any costs expended in recovering, maintaining, storing, and selling said property, shall be credited to the Defendant's **Money Judgment**.

3. The United States may conduct any discovery it considers necessary to identify, locate, and seize substitute property to satisfy the **Money Judgment.**

4. No ancillary hearing is required since the forfeiture in this Preliminary Order provides for a money judgment.

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment, and this order shall be enrolled in all appropriate Judgment Rolls.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

**SO ORDERED AND ADJUDGED** this the 20th day of November, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE